**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood,<br><br>                Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No. CV-98-116-TUC-JCC<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER GRANTING DISCOVERY** |

      Before the Court is the Parties' Joint Motion to Conduct Expert Depositions, which seeks authorization to depose each party's respective mental health expert. Rule 6(a) of the Rules Governing Section 2254 Cases provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a), 28 U.S.C. foll. § 2254; *see also Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

      The Court finds good cause for the requested depositions of the two mental health expert witnesses. In a case such as this, where the petitioner's mental state at the time of the offense is in dispute, depositions of the experts will efficiently uncover the bases of their opinions and significantly narrow the scope of direct testimony and cross-examination. Pursuant to Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure, the party seeking discovery shall be responsible for paying the expert a reasonable fee for the time spent responding to and attending the deposition. Although permitted under Rule

6(c) of the Rules Governing Section 2254 Cases, the Court declines to require Respondents to pay the travel expenses, subsistence expenses, and fees of Petitioner's attorney to attend the deposition of Petitioner's expert because Petitioner is represented jointly by the Federal Public Defender and counsel appointed under the Criminal Justice Act.

The Court further finds good cause for the scheduled videotaped deposition of trial counsel Stanton Bloom, whose representation of Petitioner at sentencing is at issue. The Court, through staff, informally conveyed to the parties its preference for a videotaped deposition of Bloom in lieu of live testimony at the evidentiary hearing given Bloom's unavailability at the time of the hearing. Because the parties have filed a joint notice of deposition of Bloom (Doc. 439), any costs associated with the taking of Bloom's deposition shall be borne jointly by the parties.

Based on the foregoing,

**IT IS ORDERED** that the Joint Motion to Conduct Expert Depositions (Doc. 433) is **GRANTED**. The parties are authorized to conduct depositions of their respective mental health experts, Drs. Nelson and Schwartz-Watts.

**IT IS FURTHER ORDERED** that the expenses and fees incurred for the taking of depositions authorized herein shall be the responsibility of the discovering party, except that the parties shall be jointly responsible for the deposition of Stanton Bloom. With respect to the deposition of Respondents' expert noticed by Petitioner and authorized herein, if not paid through the Federal Public Defender, Petitioner's CJA counsel is authorized to be reimbursed for court reporter and transcript costs associated with deposing Respondents' expert. Reimbursement for transcripts shall be claimed on a CJA 24 pursuant to section 230.63.20 of the Guide to Judiciary Policies and Procedures, Vol. VII. Reimbursement for court reporter fees shall be itemized as an "other expense" on counsel's CJA 30 voucher.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT IS FURTHER ORDERED** that the Clerk of Court provide a copy of this Order to the Court's CJA Voucher Review Office.

DATED this 24th day of July, 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE