**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood, | No. CV-98-116-TUC-JCC |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| vs. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Before the Court is Petitioner's motion to alter or amend judgment and alter or make additional findings pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. (Doc. 511.) For the reasons that follow, the motion is denied.

Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should be granted only in "highly unusual circumstances" and may not be used to raise arguments or present evidence for the first time that reasonably could have been raised earlier. *Id.*; *see 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Similar considerations underlie requests under Rule 52(b). *Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993). Generally, relief is appropriate only if (1) the court is presented with newly discovered evidence, (2) there is an intervening change in controlling law, or (3) the court committed clear error.

*McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In its order of January 27, 2014, the Court determined that Petitioner's motion for reconsideration under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), significantly broadened a sentencing-phase ineffective-assistance-of-counsel (IAC) claim raised in his federal habeas petition such that it constituted a new claim for habeas relief not properly before the Court absent amendment. Petitioner argues in the instant motion that, in faulting Petitioner for not fully presenting his sentencing IAC claim in the petition, the Court failed to address prior habeas counsel's conflict of interest. Specifically, he argues that prior counsel Dan Davis had "no incentive to factually or legally develop a claim that was clearly procedurally defaulted under then prevailing habeas law" and that Davis suffered from a conflict of interest that prevented the claim from being properly plead in his federal habeas petition. (Doc. 511 at 3.)

His contentions to the contrary notwithstanding, Petitioner did not explicitly argue to the Court in prior pleadings that Davis's alleged conflict provided a basis for "excusing" Petitioner's failure to fully present the sentencing IAC claim in his federal habeas petition. In his ten-page memorandum regarding amendment, Petitioner argued that his request to amend had been made in good faith and not as a result of undue delay. Within that argument, he asserted in one sentence without citation to authority that because Davis "also served as federal habeas counsel, there was a conflict in regard to the *Martinez* claim that prevented a fair resolution and investigation of the underlying facts supporting post-conviction counsel's ineffectiveness as cause for the procedural default." (Doc. 379 at 9.) This isolated statement made in passing hardly put the Court on notice of the argument now being advanced—that the alleged conflict prevented Davis from more fully investigating and pursuing a sentencing-phase IAC claim in federal habeas proceedings that he had failed to present in state court. Similarly, Petitioner's brief reference to Davis's alleged conflict in his reply to Respondents' opposition to

Petitioner's motion for reconsideration was made solely in response to Respondents' assertion that Davis's ineffectiveness during post-conviction proceedings could serve as cause to excuse a procedural default only if such allegations were separately exhausted in state court. (Doc. 385 at 5–6.) Because Petitioner did not previously raise the issue, the Court did not clearly err in not addressing whether Davis's alleged conflict excused Petitioner's failure to fully present his sentencing-phase IAC claim in his petition.

Even were the Court inclined to consider this argument for the first time in a post-judgment motion, Petitioner would not be entitled to relief.

Davis, who served as Petitioner's state post-conviction counsel, was appointed as co-counsel in these federal habeas proceedings in 1998. He was replaced by substitute counsel in February 2012 and months later passed away. At the time Petitioner filed his first amended habeas petition in May 2000, he was represented by Davis as well as lead counsel Larry Hammond, whose firm Osborn Maledon utilized a paralegal, law clerks, and associates to work on Petitioner's case.

Petitioner argues that Davis was unable to "continue to aggressively investigate and pursue a claim that clearly was never presented in state court" because to do so would have required Davis to assert his own ineffectiveness as state post-conviction counsel. This argument is based on a recent change in procedural law resulting from the Supreme Court's decision in *Martinez*, which created a narrow exception to the well-established rule in *Coleman v. Thompson*, 501 U.S. 722, 731 (1991), that ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse the procedural default of a trial-level IAC claim. However, at the time Petitioner filed his first amended federal habeas petition, 12 years before *Martinez* was decided, it was settled law that the ineffective assistance of post-conviction counsel could serve as neither an independent constitutional basis for habeas relief, *see* 28 U.S.C. § 2254(I), nor as cause to excuse the procedural default of other constitutional claims, pursuant to *Coleman*. Thus, Davis's continued representation of Petitioner from state to federal court

could not, in itself, have served to prevent Davis from pursuing or investigating claims not raised in state court. *See Jones v. Ryan*, 733 F.3d 825, 836 (9th Cir. 2013) (rejecting argument that state post-conviction counsel was ineffective during federal habeas proceedings for not raising unexhausted trial-level IAC claims in federal petition filed eight years before *Martinez* was decided).

Moreover, in this case, Petitioner raised a plethora of claims in his federal habeas petition that had not been fairly presented in state court proceedings, including a sentencing-phase IAC claim. (*See* Doc. 127.) It defies logic to assert that Davis's alleged conflict prevented him from aggressively investigating the sentencing-phase IAC claim but not from raising it in the first place. In addition, the Court takes judicial notice from its review of counsel's billing history that lead counsel Larry Hammond and his associates did the vast majority of work in this matter, including preparation of the first amended habeas petition. Petitioner does not assert that Hammond operated under a conflict of interest or was inhibited on some other basis from alleging in the habeas petition the new factual allegations set forth in the motion for reconsideration. Thus, even assuming that a federal habeas attorney's conflict of interest from having served as state post-conviction counsel can provide a basis to "excuse" a failure to fully brief a federal habeas claim, any alleged conflict for Davis does not explain Petitioner's failure to present all of the relevant facts supporting his sentencing-phase IAC claim when he filed his petition in 2000.

Petitioner also argues that Davis's conflict warrants equitable tolling of the federal habeas statute of limitations. First, Petitioner could have raised this argument in reply to Respondents' assertion of a timeliness bar in its opposition to Petitioner's request for amendment (Doc. 383 at 4). Therefore, it is not properly before the Court. *See Kona Enter., Inc.*, 229 F.3d at 890 (noting that post-judgment motion is not to be used to raise arguments that reasonably could have been raised earlier in litigation). Second, as already explained, nothing about the alleged conflict inhibited Petitioner's ability to more

- 4 -

fully develop and present the sentencing-phase IAC claim actually raised in his amended federal habeas petition. Thus, even if the Court were to consider this argument, Petitioner has not demonstrated "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 2562 (2010) (internal citation omitted).

Based on the foregoing,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend the Judgment and Alter or Make Additional Findings (Doc. 511) is **DENIED**.

DATED this 28th day of February, 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE