**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood,<br><br>                   Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>                   Respondents. | No. CV-98-116-TUC-JCC<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

The Court has before it two documents filed by Petitioner entitled "Petitioner's Renewed Motion to Proceed Pro Se" (Doc. 534) and "Demand for John C. Coughenour Immediate Recusal" (Doc. 535). Petitioner, however, is represented by counsel in this case and has no right to hybrid representation. Counsel has exclusive authority to act on behalf of Petitioner unless and until there is an order allowing counsel to withdraw. Counsel has not so moved. Accordingly, the Court denies Petitioner's motion for recusal on this ground. *See* LRCiv. 83.3(c)(2) ("Whenever a party has appeared by an attorney, that party cannot thereafter appear or act in that party's own behalf in the cause, or take any steps therein, unless an order of substitution shall first have been made by the Court after notice to the attorney of each such party, and to the opposite party.").

Additionally, Rule 5 of the Federal Rules of Civil Procedure states that a "written motion, except one that may be heard ex parte," must "be served on every party." Fed. R.

Civ. P. 5(a)(1)(D). There is no certificate of service indicating that Respondents were served with the motion to recuse. Thus, the Court strikes Petitioner's recusal motion separately for failure to serve.

In Petitioner's "Renewed Motion to Proceed Pro Se," he asserts that it is his right to represent himself under the Supreme Court's holding in *Faretta v. California*, 422 U.S. 806 (1975) (recognizing the right, under the Sixth Amendment, to "make one's own defense personally"), and requests that he be allowed to represent himself with the assistance of current counsel in the role of advisory or second-chair counsel.

The right to federally appointed counsel for capital habeas petitioners during "subsequent stage[s] of available judicial proceedings," including during state clemency proceedings, however, is based in statute, not the Sixth Amendment. *See* 18 U.S.C. § 3599; *Martel v. Clair*, 565 U.S. 648, 661 (2012) (collecting cases regarding the limited applicability of the Sixth Amendment to habeas prisoners); *Harbison v. Bell*, 556 U.S. 180, 192 (2009) ("[h]old[ing] that § 3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation."). Section 3599 does not expressly provide a right to self-representation. *See id.* § 3599(e) ("Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings . . . .").

Additionally, Petitioner has no constitutional or statutory right to advisory counsel or to co-counsel during habeas proceedings. *Cf. United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir.1994) (upholding a denial of advisory counsel as within the court's discretion after petitioner was repeatedly dissatisfied with his public defender and insisted upon representing himself); *Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir.1983) (ruling that the issue of "hybrid representation is best left to the sound discretion of the trial judge").

Nonetheless, this Court has an obligation to inquire into the basis of Petitioner's

complaint to determine whether discharging counsel would be in the "interests of justice." *See Martel v. Clair*, 565 U.S. 648, 657 (2012); *see also United States v. Musa*, 220 F.3d 1096, 1102 (9th Cir. 2000).

Accordingly,

**IT IS ORDERED DENYING** Petitioner's pro se "Demand for John C. Coughenour Immediate Recusal" (Doc. 535).

**IT IS FURTHER ORDERED** that the Clerk of Court provide a copy of the Documents 534 and 535 to Petitioner's counsel of record, Natman Schaye, and that Petitioner's counsel file, ex parte and under seal, a response to Petitioner's motion for withdrawal of counsel on or before January 8, 2020. Counsel's response should include all facts relevant to determining whether a change of counsel would serve the interests of justice.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order to Petitioner Frank Jarvis Atwood, ADOC #062887, Arizona State Prison Complex, Eyman-Browning Unit, P.O. Box 3400, Florence AZ 85132.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order and Petitioner's filed documents (Docs. 534, 535) to counsel for Respondents.

DATED this 19th day of December 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE